IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

JUN 0 8 2001

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-CR-49-M |
| ) | |
| WILLIAM LEE SMITH, ) | |
| Defendant. ) | |

### MOTION AND BRIEF IN SUPPORT
### OF DEFENDANT'S REQUEST FOR A JURY TRIAL

COMES NOW on June 7, 2001, the defendant, **William Smith**, by the Office of the Federal Public Defender and its attorney, **Jack Schisler** and does hereby respectfully move this Court as to the following: for a trial by jury in regards to the charges currently pending before this Court. The motion is based upon the following:

#### Facts

William Lee Smith is accused by misdemeanor information of violating 18 U.S.C. § 113(a)(4), which encompasses the offense of assault on Indian land. Mr. Smith is alleged to have assaulted his ex-wife. The offense is classified as a Class B misdemeanor, and is also a petty offense. The penalty upon conviction is imprisonment of not more than 6 months, a fine of not more than $5,000 or both. There is also a serious collateral consequence of a conviction under 18 U.S.C. § 113(a)(4) as it relates to 18 U.S.C. § 922(g)(9). Under the latter statute, a person who has been convicted of a misdemeanor crime of domestic violence is considered a prohibited person and it becomes illegal for that person to possess firearms or ammunition. The penalty for a violation of 18 U.S.C. § 922(g), a felony, is not more than ten years imprisonment, a fine of up to $250,000, or both.

## Law

### Petty Offense Defined

The definition for the term "petty offense" is found at 18 U.S.C. § 19, which reads:

> As used in this title, the term "petty offense" means a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is not greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual or section 3571(c)(6) or (7) in the case of an organization.

### The Sixth Amendment

> *In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury* of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S.C.A. VI (emphasis added).

### Duncan v. Louisiana

In Duncan v. Louisiana, 391 U.S. 145 (1968), the Supreme Court held that the presumptive right to a jury trial does not attached to so-called petty offenses. However, the Court also recognized the potential vagaries involved in defining just what a petty offense might be, granting the trial court the authority to make the determination as to when a petty offense is of such a serious nature that a trial by jury would be warranted:

> Of course the boundaries of the petty offense category have always been ill-defined, if not ambulatory. In the absence of an explicit constitutional provision, the definitional task necessarily falls on the courts, which must either pass upon the validity of legislative attempts to identify

> those petty offenses which are exempt from jury trial or, where the legislature has not addressed itself to the problem, themselves face the question in the first instance. In either case it is necessary to draw a line in the spectrum of crime, separating petty from serious [*161] infractions.

Duncan at 160-161.

### 18 U.S.C. § 922(g)(9)

This statute regulates the possession of firearms by certain classes of persons, and imposes harsh penalties for its violation. Subsection 9 defines of class of prohibited persons:

> (g) It shall be unlawful for any person -
>
> (9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9).

The penalty provisions for 18 U.S.C. § 922 are found in 18 U.S.C. § 924:

> (2) Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 924(a)(2).

### Analysis

Applying this legal framework to Mr. Smith's case makes it clear that a conviction for this Class B misdemeanor subjects him to a much more serious outcome that would befall one convicted of a truly petty offense. Mr. Smith stands to lose his right to bear arms, a right protected by the Second Amendment. The implication of this

constitutional right by virtue of a potential conviction takes this offense outside the realm of the petty offense to which no jury right attaches and makes it one of those serious offenses contemplated in Duncan–so serious that Mr. Smith should be granted the right to have a jury of his peers hear the evidence to be brought against him.

### Conclusion

Based upon the foregoing, Mr. Smith requests that this Court grant him a trial by jury, if not based upon a demonstrated Sixth Amendment right to that jury, then based upon the Court's inherent power to grant such a jury trial.

WHEREFORE,

Respectfully submitted,

>   OFFICE OF THE FEDERAL PUBLIC DEFENDER
>   Stephen J. Knorr, Federal Public Defender
>
>   By: *[signature]*
>   Jack Schisler
>   Assistant Federal Public Defender
>   One West Third St., Ste. 1225
>   Tulsa, Oklahoma 74103
>   (918) 581-6918
>
>   Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2001, a true and correct copy of the foregoing document was hand-delivered to the Office of United States Attorney, Assistant United States Attorney Ann Dooley, Counsel for Plaintiff.

Jack Schisler
Assistant Federal Public Defender