# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-CR-49-M |
| | ) | |
| WILLIAM LEE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**F I L E D**
JUN 1 2 2001
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR JURY TRIAL

The plaintiff, the United States of America, by and through Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, and Ann P. Dooley, Assistant United States Attorney, respectfully submits its response to the defendant William Lee Smith's motion requesting a jury trial for a petty offense. In response, the government states the following:

The defendant has been charged by Information with one count of violating Title 18, United States Code, Section 113(a)(4), assault by striking, beating or wounding. The penalty for violation of Section 113(a)(4) is imprisonment for not more than six months, a fine of $5000, or both, and a special monetary assessment. 18 U.S.C. §§ 19, 113(a)(4) & 3571(b)(6), and Fed. R. Crim. P. 58. The violation is a Class B misdemeanor, a petty offense. At the pretrial conference on June 8, 2001, the defendant requested a jury trial, and the government objected on the grounds that the defendant is not entitled to a jury trial for a petty offense.

The defendant argues that a conviction for this Class B misdemeanor will subject him to a much more serious outcome that would befall one convicted of a truly petty offense because he will be prohibited from possessing a firearm as a collateral consequence. The defendant requests the court to grant him a jury trial based on the court's discretion to define an offense as serious, relying



on language in <u>Duncan v. Louisiana</u>, 391 U.S. 145, 159 (1968), or the court's inherent power to grant a jury trial, to which he provides no authority.

While the Supreme Court in <u>Duncan</u> failed to set forth an objective test in determining the definition of a petty offense, it did so in <u>Blanton v. City of North Las Vegas, Nevada</u>, 489 U.S. 538 (1989). The Supreme Court cautioned the courts that they should not substitute their judgment for that of the legislature when determining the seriousness of a crime. The objective indication of the seriousness with which the legislature regards the offense is based on the severity of the maximum authorized penalty. The primary emphasis must be placed on the term of imprisonment, but the court must also consider other statutory penalties that attach to the offense. An offense which carries a maximum term of imprisonment of up to six months is presumed to be petty. A defendant is entitled to a jury trial only if he can overcome the presumption and demonstrate that additional penalties are so severe that they clearly reflect a legislative determination that the offense is serious. In this case, the defendant is charged with a Class B misdemeanor which is presumed to be a petty offense that does not require a jury trial. The defendant has not overcome the presumption, and his motion for jury trial should be denied.

1.     **No Right to Trial by Jury for Prosecution of Petty Offense**

The Sixth Amendment reserves the right to a jury trial to defendants accused of serious crimes.

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . .

U.S. Const., VI Amend.  It is uncontroverted that the Sixth Amendment, like the common law, reserves the right to a jury trial for prosecution of "serious offenses," and that "there is a category

of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." Lewis v. United States, 518 U.S. 322, 325 (1996); Duncan, 391 U.S. at 159. Neither does the right to a trial by jury found in Article III, § 2, Cl. 3 extend to petty offenses. Bloom v. Illinois, 391 U.S. 194, 210 (1968) ("It is old law that the guarantees of jury trial found in Article III and the Sixth Amendment do not apply to petty offenses."); United States v. Stewart, 568 F.2d 501, 502 n. 2 (6th Cir 1978) (citing Schlick v. United States, 195 U.S. 65, 68-70 (1904)).

### 2.   Definition of Petty Offense

#### a.   Prior to 1989

The Supreme Court in Duncan found that a crime carrying up to six months did not require a jury trial if it otherwise qualified as a petty offense. Duncan, 391 U.S. at 159. The possible consequences to the defendants from convictions for petty offenses were insufficient to outweigh "the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications." Id. at 160. The Court noted that the Constitution did not provide an explicit definition of petty offense, leaving it to the courts to draw the line between petty and serious offenses. Id. The Supreme Court declined to decide that line in Duncan. Id. at 161. Instead, the Supreme Court instructed the lower courts to focus on the penalty authorized by the statute along with other factors. Id. at 160.

In determining whether an offense was properly characterized as "petty," the Supreme Court's early decisions focused on the nature of the offense and whether it was triable by a jury at common law. Blanton v. City of North Las Vegas, Nevada, 489 U.S. 538, 541 (1989). Because many federal statutory offenses lacked common law antecedents, this was a difficult standard to use. Lewis, 518 U.S. at 325. The courts were left to resolve the issue based on subjective determinations.

3

Duncan, 391 U.S. at 360-61.  Therefore, the Supreme Court sought more "objective indications of the seriousness with which society regards the offense." Id; Frank v. United States, 395 U.S. 147, 148 (1969).  "Doubts must be resolved, not subjectively by recourse of the judge to his own sympathy and emotions, but by objective standards such as may be observed in the laws and practices of the community taken as a gauge of its social and ethical judgments." Blanton, 489 U.S. at 542 n.5.

> **b.      After 1989**

In Blanton, the Supreme Court found that the most relevant criterion to determine whether an offense was petty, and not serious, was the severity of the maximum penalty attached to the offense.  Blanton, 489 U.S. at 541; Lewis, 518 U.S. at 326.  The "maximum penalty" criterion is considered the most relevant because it includes within the definition of the crime itself the legislature's judgment about the seriousness of the offense.  Blanton, 489 U.S. at 541; Lewis, 518 U.S. at 326.  "The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is 'far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect.'" Blanton, 489 U.S. at 541-42, and n.5;  Lewis, 518 U.S. at 326.

Incarceration is the most powerful indication whether an offense is "serious." Blanton, 489 U.S. at 542; Lewis, 518 U.S. at 326.  While other penalties, such as probation or fines, may infringe on the defendant's freedom, the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered the offense to be "petty" or "serious." Lewis, 518 U.S. at 326.

"An offense carrying a maximum prison term of six months or less is presumed petty, unless

the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." Id. at 326-67; Blanton, 489 U.S. at 542.  The maximum penalty for a violation of Title 18, United States Code, Section 113(a)(4) is six months.  This presumptively places assault by striking, beating or wounding in the "petty" offense category with no right to a jury trial.

### 3.      Overcoming the Presumption

The Supreme Court found that an offense carrying a maximum term of incarceration of six months or less is presumed to be petty for purposes of the Sixth Amendment right to a trial by jury. Blanton, 489 U.S. at 543.  "A defendant is entitled to a jury trial in such circumstances only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." Id.; Lewis, 518 U.S. at 326.  This standard should ensure "the availability of a jury trial in the rare situation where a legislature packs an offense it deems 'serious' with onerous penalties that nonetheless 'do not puncture the 6-month incarceration line.'" Blanton, 489 at 543.

While the word "penalty" refers both to the term of imprisonment and other statutory penalties, the "[p]rimary emphasis . . . must be placed on the maximum authorized period of incarceration." Blanton, 489 U.S. at 542; United States v. Nachtigal, 507 U.S. 1, 3 (1993).  Although penalties such as fines, probation, mental health counseling, alcohol treatment, community service, loss of driver's license, home confinement, and intermittent confinement may significantly infringe on personal freedom, they cannot approximate in severity the loss of liberty.  Blanton, 489 U.S. at 542; Nachtigal, 507 U.S. at 5 & n*.  Because incarceration is an "intrinsically different" form of

5

punishment, it is the most powerful indication whether an offense is "serious." Blanton, 489 U.S. at 542.

In Blanton, the defendant was facing a up to a six month prison sentence for a first time violation of driving under the influence. Id. at 543. The defendant was also subject to a minimum term of imprisonment, a 90 day driver's license suspension, an alternative sentence to imprisonment of community service, and $1000 fine. Id. The defendant argued that he was also looking at increased penalties for repeat offenses. The court found that recidivist penalties of the magnitude imposed for DUI were commonplace. Id. at 545. The court noted that the defendant did not face such penalties at the time of sentencing. Id. The Court held that viewed together, the penalties were not so severe that DUI must be deemed a "serious" offense for purposes of the Sixth Amendment. Id.

### 4.    Prohibition of Possession of Firearms

The Eleventh Circuit has considered whether the collateral consequence of being prohibited from possession a firearm was of such a serious nature as to provide a trial by jury. In United States v. Chavez, 204 F.3d 1305 (11th Cir. 2000) the defendant was convicted of assault by striking, beating and wounding. The district court denied the defendant's motion for a jury trial because the charged crime was a petty offense that carried a potential maximum imprisonment of six months, and a maximum fine of $5000. In denying the motion, the court considered Congress' classification of Section 113(a)(4) as a Class B misdemeanor. The court found Section 113(a)(4) was presumptively a petty offense. Id. at 1311 ("Congress has expressly designated Class B misdemeanors as 'petty offense[s].'"). The court found that Chavez failed to overcome the presumption because he did not demonstrate that Congress considered the offense to be serious. The

6

defendant argued that the harsh penalties authorized by Congress in Title 18, United States Code, Section 922(g)(9) were in addition to the maximum term of imprisonment which rendered his offense serious.   He also argued that "alternative" penalties, including probation, restitution, confinement to a halfway house, payment of cost of confinement, and mental health assessment, rendered his offense serious.

The Eleventh Circuit examined whether Congress manifested its determination whether Section 922(g)(9) constitutes an "additional" penalty that would overcome the presumption that Section 113(a)(4) is a petty offense.  The Court followed the standard established in <u>Blanton</u> and examined the maximum penalty to find the legislature's determination about the severity of the offense. <u>Id</u>. at 1310.  The Court recognized that it should not substitute its own judgment regarding an offense's severity for that of Congress, which is the branch better equipped to perform the task. <u>Id</u>.

The Court found that the express language of Section 921 demonstrated that Congress did not elevate Section 113(a)(4) from a petty offense to a serious one. <u>Id</u>. at 1314.  Section 921(a)(33) provides a person shall not be considered to have been convicted of a misdemeanor crime of domestic violence unless, among other factors, that if the defendant was entitled to a jury trial, he was either tried by a jury or knowingly and intelligently waived it. 18 U.S.C. § 921(a)(33)(B)(i)(II). The statute's express language conveys Congress' recognition that not all domestic violence offenses entitle the defendant to a jury trial even though the conviction results in prohibiting the defendant from possessing a firearm.

The Eleventh Circuit held that the prohibition of firearm possession by persons convicted of a misdemeanor crime of domestic violence is not so serous as to entitle them to a jury trial for a

7

presumptively petty offense. <u>Chavez</u>, 204 F.3d at 1314. The Court, in a footnote, noted that according to Supreme Court and the Eleventh Circuit precedent, Chavez might not have any claim under the Second Amendment since he did not show that his gun possession was reasonably related to a state-run militia. <u>Id</u>. at 1313 n.5.

5.     **Analysis**

The defendant argues that the collateral consequence of conviction of Section 113(a)(4) would render this offense a serious one entitling him to a jury trial. He argues the court has the discretion to determine that the offense is serious, or that the Court should use its inherent power to order a jury trial. The defendant suggests the court use a subjective test which is contrary to the Supreme Court's holding. The objective standard to determine if an offense is a serious one was established in <u>Blanton v. City of North Las Vegas, Nevada</u>, 489 U.S. 538 (1989). The most relevant criterion to determine whether an offense is petty, and not serious, is the severity of the maximum penalty attached to the offense.     <u>Blanton</u>, 489 U.S. at 541. This criterion is the most relevant because it includes within the definition of the crime itself the legislature's judgment about the seriousness of the offense. <u>Id</u>. The judiciary should not substitute its judgment as to the seriousness of the offense, as asserted by the defendant. <u>Id</u>.

Incarceration is the most powerful indication whether an offense is serious. <u>Id</u>.; <u>Lewis v. United States</u>, 518 U.S. 322, 325 (1996); <u>United States v. Chavez</u>, 204 F.3d 1305 (11th Cir. 2000). An offense carrying a maximum prison term of six months is presumed petty. <u>Blanton</u>, 489 U.S. at 541. Section 113(a)(4) carries a maximum penalty of up to six months incarceration and is presumed to be a petty offense. <u>United States v. Stewart</u>, 568 F.2d 501, 502-03 (6th Cir. 1978); <u>Chavez</u>, 204 F.3d at 1311. Smith is entitled to a jury trial only if he can overcome the presumption and

8

demonstrate that the additional penalty of prohibition of possession of a firearm is so severe that it clearly reflects a legislative determination that Section 113(a)(4) is a "serious" offense. Blanton, 489 U.S. at 543.  Smith has failed to provide any authority to support his argument.

The Eleventh Circuit has addressed this issue and found that the legislature intended that a person convicted of a misdemeanor crime of domestic violence be prohibited from possessing a firearm even if that person was not entitled to a jury trial. Chavez, 204 F.3d at 1314. The Court held that prohibition of  possession of a  firearm by persons convicted of a misdemeanor crime of domestic violence is not so serious as to entitle them to a jury trial for a presumptively petty offense. Id. The collateral consequence of prohibition of possession of a firearm is not so severe in this case to provide Smith with a jury trial. He has failed to overcome the presumption that Section 113(a)(4) is a petty offense. Additionally, the advantages of an expeditious and relatively inexpensive adjudication by the court outweighs the benefits which might accrue to the defendant from a jury trial. United States v. Floyd, 345 F. Supp.. 283, 286-87 (W.D. Okla. 1972), aff'd, 477 F.2d 217 (10th Cir.), cert. denied, 414 U.S. 1044 (1973).  The defendant's motion for jury trial should be denied.

## CONCLUSION

The defendant is not entitled to a jury trial statutorily or constitutionally.  The government submits that the district court does not have the discretion to substitute its judgement for that of Congress or an inherent authority to grant the defendant's request for a jury trial because Congress has already spoken as to whether a defendant has the right to a jury trial when charged with violation of Title 18, United States Code, Section 113(a)(4), a petty offense. Congress and the Supreme Court used the maximum penalty as an objective criterion to determine if an offense was serious and

therefore warranted a jury trial.  In this case, Congress determined that assault by striking, beating and wounding is a petty offense and the additional penalty of prohibition of possession of a firearm does not convert it into a serious offense.  The defendant does not have a Sixth Amendment right to a trial by jury.  He has failed to overcome the presumption that violation of Section 113(a)(4) is a petty offense.  Even if the court had discretion, the advantages of an expeditious and relatively inexpensive adjudication by the court would outweigh any benefits that might accrue to the defendant.  Therefore, the court should deny the defendant's request for jury trial.

Respectfully submitted,

THOMAS SCOTT WOODWARD
United States Attorney

ANN P. DOOLEY, OBA # 15220
Assistant U.S. Attorney
333 West Fourth Street, Suite 3460
Tulsa, Oklahoma  74103
(918) 581-7463

## CERTIFICATE OF MAILING

I hereby certify that on this the 12th day of June, 2001, a true and correct copy of the foregoing was mailed, postage prepaid, and faxed to: Jack Schisler, Federal Public Defender, Williams Tower I, Suite 1225, One West Third Street, Tulsa, OK  74103.

Assistant United States Attorney

10